IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

In re DEBORAHSWAN,
 Petitioner.

OnPetitionforWrit of Mandamus to the United States District Court
 fortheSouthernDistrict of Texas, Houston Division


Civil Action No. 4:25-cv-02799


PETITION FOR WRIT OF MANDAMUS




Submitted by:
 DEBORAH SWAN (Pro Se)
 1318 Chesterpoint Dr.
 Spring, Texas 77386
 justiceguard@proton.me

# TABLE OF CONTENTS

1.Jurisdiction……………………………………………………………………..5

2.Introduction……………………………………………………………..·6

3.Issues Presented………………………………………………………..9

4.Statement of Facts…………………………………………………….....11

5.Procedural History………………………………………………………14

6.Standard for Writ of Mandamus……………………………………..·…15

7.Summary of Argument…………………………………………………..17

8.Argument ……………………………………………………………..19

    o      I.TheDistrict Court's Refusal to Enforce Rule 55(a) Was Clear Error…..21

    o      II.Uncontested Claims Cannot Be Dismissed Under Rule 12(b)…………21

    o      III.The District Court Ignored Judicial Notices and Objections…………25

    o      IV.Defendants Mischaracterized the Pleadings and the Court Adopted It.29

    o      V.Dismissal With Prejudice Violated Rule 15(a)(2)…………………….34

    o      VI.Defense Counsel's Contradictions Constitute Fraud on the Court……35

    o      VII.Judicial Abdication Requires Mandamus Intervention………………41

    o      VIII.Ignored Filings and Individual Mandamus Grounds………………..45

9.Conclusion…………………………………………………………….53

10.Prayer for Relief……………………………………………………54

11.Certificate of Compliance…………………………………………..,,,,,,,,,,,,,,,,57

12. Certificate of Service…………………………………………………………….58

13. Appendix……………….............................................................................59

Appendix Table of Contents

- TAB A + Dkt. 110
- TAB B + Dkt. 90
- TAB C + Dkt. 89
- TAB D + Dkt. 28
- TAB E + Dkt. 6
- TAB F + Dkt. 2
- TAB G + Dkt. 87
- TAB H + Dkt. 96
- TAB I + Dkts. 93 & 95
- TAB J + Dkt. 98
- TAB K + Dkt. 120
- TAB L + Dkt. 116
- TAB M + Dkt. 106
- TAB N + Dkt. 102
- TAB O + Dkt. 61
- TAB P + Dkt. 62
- TAB Q + Dkt. 69

**TABLE OF AUTHORITIES**

**Cases**

Aoude v. Mobil Oil Corp., 892 F.2d 1115 (1st Cir. 1989)

Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33 (1980)

Bazrowx v. Scott, 136 F.3d 1053 (5th Cir. 1998)

Benton v. Maryland, 395 U.S. 784 (1969)

Broadcast Music, Inc. v. M.T.S. Enters., 811 F.2d 278 (5th Cir. 1987)

Bulloch v. United States, 763 F.2d 1115 (10th Cir. 1985)

Carver v. Atwood, 18 F.4th 494 (5th Cir. 2021)

Cheney v. U.S. Dist. Court, 542 U.S. 367 (2004)

Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, 675 F.2d 1349 (4th Cir. 1982)

Hart v. Bayer Corp., 199 F.3d 239 (5th Cir. 2000)

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)

Herring v. United States, 424 F.3d 384 (3d Cir. 2005) In re DePuy Orthopaedics, Inc., 870 F.3d 345 (5th Cir. 2017) In re Int'l Marine, LLC, 33 F.4th 369 (5th Cir. 2022)

In re Lloyd's Register N. Am., Inc., 780 F.3d 283 (5th Cir. 2015)

In re U.S. Dep't of Homeland Sec., 459 F.3d 565 (5th Cir. 2006)

In re United States, 397 F.3d 274 (5th Cir. 2005)

In re Volkswagen of Am., Inc., 545 F.3d 304 (5th Cir. 208) (en banc)

Jacquez v. Procunier, 801 F.2d 789 (5th Cir. 1986)

Kupferman v. Consol. Research & Mfg. Corp., 459 F.2d 1072 (2d Cir. 1972)

Lewis v. Lynn, 236 F.3d 766 (5th Cir. 2001)

New York Life Ins. Co. v. Brown, 84 F.3d 137 (5th Cir. 1996)

Rolf v. City of San Antonio, 77 F.3d 823 (5th Cir. 1996)

Rozier v. Ford Motor Co., 573 F.2d 1332 (5th Cir. 1978)

State v. Woodson, 338 Md. 322 (1995)

Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274 (5th Cir. 1989)

United States v. Zuniga, 860 F.3d 276 (5th Cir. 2017)

## Statutes and Rules

28 U.S.C. § 1651(a) (All Writs Act)

42 U.S.C. § 1983

Fed. R. Civ. P. 4

Fed. R. Civ. P. 12(b)

Fed. R. Civ. P. 12(h)(1)

Fed. R. Civ. P. 15(a)(2)

Fed. R. Civ. P. 15(a)(3)

Fed. R. Civ. P. 55(a)

**JURISDICTION**

This Court has jurisdiction under the **All Writs Act**, 28 U.S.C. § 1651(a), to issue writs of mandamus "in aid of" its jurisdiction. The underlying action—**Civil Action No. 4:25-cv-02799**—is pending in the **United States District Court for the Southern District of Texas, Houston Division**, which lies within the territorial jurisdiction of the Fifth Circuit.

Petitioner seeks mandamus relief from orders and omissions that:

(1) refuse to enforce mandatory federal procedural rules, including **Rule 55(a)**;

(2) rest on demonstrably false premises concerning **service** and **party status**; and

(3) prevent meaningful appellate review of Petitioner's constitutional and statutory claims.

Because these errors distort the procedural posture of the case and cannot be remedied through ordinary appeal, the All Writs Act provides the appropriate basis for this Court's jurisdiction.

# INTRODUCTION

This petition seeks mandamus to correct a systemic breakdown in the district court's handling of party status, service, mandatory default rules, and unchallenged claims. The record shows that the Montgomery County Attorney's Office appeared in the case and expressly identified Montgomery County, Texas, and Montgomery County Constables Precinct 3 as defendants, along with Deputy W. Shields in both capacities. Despite that appearance, the County defendants never filed a responsive pleading or Rule 12 motion, leaving them in default posture under Rule 55(a).

When Petitioner sought entry of default, defense counsel abruptly reversed course —asserting for the first time that Montgomery County was "not a defendant" and "never served." The district court adopted this contradictory narrative wholesale, denied default, and later dismissed all claims with prejudice, even though the County defendants had never defended the case and even though multiple claims were never briefed or contested in any Rule 12 motion.

Compounding the error, the district court ignored Petitioner's judicial notices, objections, and record-correcting filings (including Dkts. 67-1, 67-2, 75, 78, 82, and 84), and proceeded to dismiss the case on the very factual and legal premises those filings disproved. The result is a distorted procedural record that misstates party status, misapplies the Federal Rules, and insulates non-responding defendants from Rule 55(a)'s mandatory operation.

Mandamus is required to restore the proper procedural posture, enforce Rule 55(a)'s mandatory default requirements, prevent dismissal of unbriefed and uncontested claims, and correct a record that—if left uncorrected—will frustrate appellate review and permit non-defending parties to evade the Federal Rules entirely.

## ISSUES PRESENTED

1. Rule 55(a) Default Whether the district court clearly abused its discretion by refusing to direct the Clerk to enter default under Fed. R. Civ. P. 55(a) where Montgomery County and Montgomery County Constables Precinct 3 were served or waived service, appeared through counsel, and failed to plead or otherwise defend, and where Rule 55(a)'s mandatory language ("must enter default") was satisfied.

2. Uncontested Claims Whether the district court erred by dismissing with prejudice multiple claims that Defendants never challenged in any Rule 12 motion—including fraud/misrepresentation, First Amendment retaliation, injunctive and declaratory relief, and substantial portions of Petitioner's Monell claims, in violation of Rule 12(h)(1) and Fifth Circuit waiver doctrine.

3. Ignored Filings and Misapplied Legal Standards Whether mandamus is warranted where the district court relied on a demonstrably false premise that "only Deputy Shields was served" and that Montgomery County "is not a defendant," ignored Petitioner's judicial notices and objections (including Dkts. 67-1, 67-2, 75, 78, 82, 84), and adopted misstatements of TTCA immunity, Monell liability, Rule 15(a)(2), and qualified-immunity law.

4. Fraud on the Court Whether defense counsel's contradictory representations, initially appearing for all County defendants, accepting and waiving service,

and identifying them in the Certificate of Interested Parties, then later denying their defendant status and service to defeat Rule 55(a) default, constitute fraud on the court under *Hazel-Atlas* and *Rozier*, especially where the district court adopted those contradictions verbatim.

5. Judicial Abdication Whether the cumulative pattern—refusal to enforce Rule 55(a), dismissal of unbriefed claims, reliance on false factual premises, disregard of record-correcting filings, and denial of leave to amend—constitutes judicial abdication and usurpation of judicial power requiring mandamus under *Cheney* and Fifth Circuit supervisory mandamus authority.

# STATEMENT OF FACTS

## A. Parties and Claims

Petitioner brought a civil-rights action under 42 U.S.C. § 1983 alleging

constitutional violations arising from Deputy W. Shields' intentional creation of a

multiple false "10-96 mental-health" designations and a "politically delusional"

dispatch entries entered in Petitioner's official records. Petitioner alleged that these

fabricated classifications are defamatory and were used to justify retaliatory

misuse of law-enforcement resources, resulting in violations of equal protection,

due process, and other constitutional rights.

The operative complaint named three defendants:

1. Montgomery County, Texas;
2. Montgomery County Constables Precinct 3; and
3. Deputy W. Shields, in both his individual and official capacities.

Petitioner also pleaded Monell municipal-liability claims against Montgomery

County and Constables Precinct 3, as well as claims for injunctive relief,

fraud/misrepresentation, and First Amendment retaliation.

## B. Service and Appearance

Each defendant was served in accordance with Fed. R. Civ. P. 4, or service was

expressly waived. The Montgomery County Attorney's Office entered an

appearance and filed a Certificate of Interested Parties (Dkt. 16) identifying all

three defendants Deputy Shields (individual and official capacities), Montgomery

County, and Constables Precinct 3 as represented parties.

Thus, by their own filing, the County Attorney's Office confirmed:

- Montgomery County was a defendant;
- Constables Precinct 3 was a defendant; and
- Service had been accepted for all defendants.

C. Non-Response by County Defendants and the Default Dispute

Despite service and appearance, no answer or Rule 12 motion was ever filed on behalf of Montgomery County or Constables Precinct 3. The only Rule 12 motion filed was submitted solely on behalf of Deputy Shields, and only in the caption of that motion.

Petitioner moved for entry of default and default judgment under Rule 55(a). The district court denied default and, in an order dated October 1, 2025, stated that:

- "the only party who has been served in this case is Deputy Shields," and
- Montgomery County and Montgomery County Constables Pct 3 is not a defendant."

Both statements are contradicted by the docket, executed waivers, and the County Attorney's own filings.

D. ECF 24 and ECF 24-2 Confirm the Factual Error in the October 1, 2025, order.

The district court's assertion that the "Constable's Office has defended" is disproven by Defendants' own filings. ECF 24 (Motion to Dismiss the First Amended Complaint) and ECF 24-2 (Proposed Order) list only Deputy W. Shields,

in both capacities, in the caption and omit Montgomery County and Montgomery County Constables Precinct 3 entirely.

Thus:

- The Constable's Office did not defend the case;
- Montgomery County did not defend the case; and
- No responsive pleading was filed for either entity.

Under Rule 15(a)(3), each defendant must respond to an amended complaint within the prescribed time. Their failure to do so placed them in default posture, triggering Rule 55(a)'s mandatory language.

### E. Ignored Record-Corrections

Petitioner filed multiple objections, judicial notices, and motions correcting the record and disputing the legal premises being applied, including Dkts. 67-1, 67-2, 75, 78, 82, and 84. These filings addressed:

- misstatements of service and party status;
- misuse of TTCA immunity;
- misapplication of Monell standards;
- reliance on overruled qualified-immunity cases; and
- defense counsel's contradictory representations.

The district court did not rule on any of these filings and dismissed the case with prejudice based on the same erroneous premises Petitioner had corrected.

## PROCEDURAL HISTORY

- June 16, 2025 — Petitioner files the original complaint naming Montgomery County, Constables Precinct 3, and Deputy Shields.

- July 2025 — Summons issued and served; County counsel agrees to accept service for all defendants.

- July 17, 2025 — County Attorney files a Rule 12 motion purporting to act only for Deputy Shields while collapsing the status of other defendants.

- July 28, 2025 — County Attorney files Dkt. 16, the Certificate of Interested Parties, expressly identifying Montgomery County and Constables Precinct 3 as represented defendants.

- September 2025 — Petitioner files record-correcting submissions, including Dkts. 67-1, 67-2, and 75, addressing misstatements of law and fact.

- October 1, 2025 — District court denies default, stating that only Deputy Shields was served and that Montgomery County "is not a defendant."

- Post-October 2025 — Petitioner files additional objections and judicial notices (including Dkts. 78, 82, 84). The district court does not rule on these filings and dismisses the case with prejudice.\

## STANDARD FOR WRIT OF MANDAMUS

Mandamus is a "drastic and extraordinary remedy" reserved for situations in which a lower court's conduct amounts to a judicial usurpation of power or a clear abuse of discretion. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004). To obtain mandamus, a petitioner must demonstrate:

1. No other adequate means to attain the relief sought;

2. A clear and indisputable right to issuance of the writ; and

3. That issuance of the writ is appropriate under the circumstances.

    *Id.* at 380–81.

The Fifth Circuit applies these principles rigorously and has repeatedly granted mandamus where a district court:

- refuses to rule on properly filed motions or objections,

- relies on plainly incorrect factual premises,

- fails to enforce mandatory procedural rules, or

- proceeds on a distorted procedural record that cannot be corrected on appeal.

See, e.g., *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc) (mandamus appropriate where district court's errors produce a "patently erroneous result"); *In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 290–91 (5th Cir. 2015) (mandamus warranted where district court failed to apply the correct

legal standard); *In re DePuy Orthopaedics, Inc.*, 870 F.3d 345, 350–51 (5th Cir. 2017) (mandamus issued where district court ignored controlling corrections and proceeded on erroneous premises); *In re Int'l Marine, LLC*, 33 F.4th 369, 373–74 (5th Cir. 2022) (mandamus appropriate where district court failed to rule on issues essential to the case's posture).

Mandamus is particularly appropriate where, as here, the district court's actions create structural defects, including refusal to enforce Rule 55(a), dismissal of unbriefed claims, reliance on false factual premises, and disregard of record-correcting filings, that cannot be remedied through ordinary appeal. Only mandamus can restore the case to its proper procedural posture and ensure that the Federal Rules are applied as written.

## SUMMARY OF ARGUMENT

Petitioner satisfies all three *Cheney* factors. The district court's refusal to apply Rule 55(a), its reliance on a plainly false narrative of party status and service, its dismissal of claims Defendants never challenged, and its failure to address multiple record-correcting filings constitute structural errors that cannot be remedied through ordinary appeal. These errors distort the procedural posture of the case, prevent meaningful appellate review, and require mandamus to restore the integrity of the proceedings.

Rule 55(a) uses mandatory language: the clerk must enter default when a defendant "fails to plead or otherwise defend." The prerequisites for default were met as to Montgomery County and Constables Precinct 3, who despite being served or waiving service, and despite counsel's appearance on their behalf, never filed an answer or Rule 12 motion. The district court's refusal to enforce Rule 55(a) rested on a clearly erroneous factual premise that "only Deputy Shields has been served," a premise contradicted by the docket, executed waivers, and defense counsel's own filings.

The district court also dismissed multiple claims Defendants never contested, including fraud, misrepresentation, First Amendment retaliation, injunctive relief, and substantial portions of Petitioner's Monell claims. Dismissing unbriefed claims with prejudice violates Rule 12(h)(1), deprives Petitioner of adversarial testing, and

constitutes structural error, particularly where the court simultaneously failed to apply Rule 15(a)(2)'s liberal amendment standard.

Compounding these errors, the district court ignored numerous judicial notices and objections (Dkts. 67-1, 67-2, 75, 78, 82, 84) that corrected misstatements of law and fact. The court proceeded to dismiss the case on the very premises those filings disproved, amounting to a refusal to engage with the record and a failure to apply controlling law.

Finally, defense counsel's contradictory representations, first appearing for all County defendants, accepting and waiving service, and identifying them in the Certificate of Interested Parties, then later denying their defendant status and service to defeat Rule 55(a) default, constitute fraud on the court. The district court adopted these contradictions wholesale, further corrupting the procedural foundation of the case.

Taken together, these errors reflect a judicial abdication of the court's duty to apply the Federal Rules and adjudicate based on an accurate record. Mandamus is the only mechanism capable of correcting these structural defects and ensuring the case proceeds under governing law rather than misrepresentation.

**ARGUMENT**

# I. THE DISTRICT COURT'S REFUSAL TO ENFORCE RULE 55(a) WAS CLEAR ERROR

Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Rule is mandatory, not discretionary. New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996).

Here, the prerequisites were satisfied:

1. Petitioner sought affirmative relief against Montgomery County, Montgomery County Constables Precinct 3, and Deputy Shields in his official capacity;

2. Each was served or waived service under Rule 4;

3. No answer or Rule 12 motion was filed for County defendants; and

4. No Rule 12(b)(4) or 12(b)(5) objections were raised, waiving service challenges under Rule 12(h)(1).
    pasted

Additionally, defense counsel's appearance and filing identifying County defendants confirm general appearance and waiver of service objections. Broadcast Music, Inc. v. M.T.S. Enters., 811 F.2d 278, 281 (5th Cir. 1987) The district court denied default based on a factual premise directly contradicted by the record: that "the only party who has been served in this case is Deputy Shields" and that

Montgomery County "is not a defendant." Because Rule 55(a) is mandatory, this refusal constitutes a clear abuse of discretion and warrants mandamus.

## II. UNCONTESTED CLAIMS CANNOT BE DISMISSED UNDER RULE 12(b)

Defendants' motions to dismiss did not challenge several of Petitioner's pleaded causes of action, including:

- fraud and misrepresentation,
- First Amendment retaliation,
- injunctive and declaratory relief, and
- significant portions of Petitioner's Monell claims against Montgomery County and Constables Precinct 3.

Each of these claims was pleaded in the operative amended complaints and preserved through successive amendments. Yet Defendants never briefed or argued dismissal of these claims in any Rule 12 motion. Under the Federal Rules and Fifth Circuit precedent, issues not raised in a Rule 12(b) motion are waived. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) ("Failure to raise a defense in a Rule 12 motion results in waiver."); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (Rule 55(a) is mandatory when a party fails to defend).

Despite this, the district court dismissed all claims with prejudice, including those Defendants never challenged, never briefed, and never addressed in any motion. This deprived Petitioner of the adversarial process and constitutes structural error.

### A. A Court May Not Dismiss Claims Sua Sponte on Grounds Never Raised by Defendants

The Fifth Circuit has repeatedly held that a district court may not dismiss claims sua sponte on grounds not raised by the defendants:

- *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) — a court may not dismiss claims without giving the plaintiff notice and an opportunity to respond.
- *Carver v. Atwood*, 18 F.4th 494, 498–99 (5th Cir. 2021) — dismissal on unbriefed grounds violates due process.
- *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) — sua sponte dismissal without adversarial testing is reversible error.

Here, the district court dismissed claims Defendants never challenged, without notice, briefing, or an opportunity to respond. This is precisely the type of procedural defect the Fifth Circuit has condemned.

## B. Dismissing Unbriefed Claims With Prejudice Is Structural Error

The district court's dismissal with prejudice without any motion practice directed at the unchallenged claims, constitutes structural error because:

1. It eliminates claims without adversarial testing;
2. It deprives Petitioner of the opportunity to amend under Rule 15(a)(2);
3. It forecloses appellate review on a developed record; and
4. It rests on a fabricated narrative of the pleadings.

The Fifth Circuit has held that dismissal with prejudice is a "drastic remedy" appropriate only after the plaintiff has been afforded notice, an opportunity to respond, and the benefit of adversarial briefing. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). None of those safeguards were provided here.

## C. Rule 12(h)(1) and Waiver Doctrine Prohibit Dismissal of Claims Defendants Never Challenged

Under Rule 12(h)(1), defenses not raised in a Rule 12 motion are waived.

 The Fifth Circuit applies this rule strictly:

- *United States v. Zuniga*, 860 F.3d 276, 284 (5th Cir. 2017) — unraised arguments are forfeited.
- *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) — failure to raise a defense in a Rule 12 motion waives it.
- *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996) — courts may not dismiss claims on grounds defendants did not assert.

Because Defendants never challenged Petitioner's fraud, misrepresentation, First

Amendment retaliation, injunctive relief, or Monell claims, the district court lacked

authority to dismiss them.

## D. The District Court's Dismissal of Unchallenged Claims Cannot Be Cured on Appeal

The Fifth Circuit has held that structural procedural errors. such as dismissing

claims without briefing, cannot be cured on appeal because the appellate court

lacks a developed record to review. See:

- *In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 290–91 (5th Cir. 2015) mandamus appropriate where the district court "failed to apply the correct legal standard."
- *In re DePuy Orthopaedics, Inc.*, 870 F.3d 345, 350–51 (5th Cir. 2017) mandamus warranted where the district court ignored controlling corrections and proceeded on erroneous grounds.

Here, the district court dismissed claims that were never briefed, never argued, and never challenged. This leaves the Fifth Circuit with no adversarial record to review, making mandamus the only adequate remedy.

**E. Mandamus Is Necessary to Restore the Adversarial Posture**

Because the district court dismissed unchallenged claims with prejudice, without briefing, without notice, and without applying Rule 15(a)(2), the case is now frozen in a posture that violates:

- Rule 12(h)(1),
- Fifth Circuit waiver doctrine,
- the adversarial process, and
- Petitioner's right to amend.

Mandamus is required to restore the proper procedural posture and ensure that each claim is adjudicated under the Federal Rules rather than through unbriefed, sua sponte dismissal.

## III. THE DISTRICT COURT IGNORED JUDICIAL NOTICES AND OBJECTIONS

Petitioner filed multiple record-correcting submissions—including Dkts. 67-1, 67-2, 75, 78, 82, and 84, addressing core defects in the district court's factual and legal premises. These filings corrected:

- misstatements regarding service and party status,
- misapplications of the Texas Tort Claims Act,
- misstatements of Monell municipal liability standards,
- reliance on overruled or inapplicable qualified immunity precedent, and
- defense counsel's fabrication of claims Petitioner never pleaded.

Each filing identified a specific error that directly affected the court's jurisdictional and procedural determinations. Yet the district court did not rule on any of them. Instead, it proceeded to dismiss the case on the very premises those filings disputed and corrected.

This is not a mere oversight. It is a refusal to engage with properly filed motions and objections conduct that the Fifth Circuit has repeatedly held warrants mandamus.

### A. Mandamus Is Appropriate When a District Court Ignores Properly Filed Motions

The Fifth Circuit has consistently granted mandamus where a district court refuses to rule on filings that directly affect the procedural posture of the case:

- *In re Int'l Marine, LLC*, 33 F.4th 369, 373–74 (5th Cir. 2022) mandamus issued where the district court "failed to rule on properly presented issues," creating a posture that could not be remedied on appeal.

- *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569–70 (5th Cir. 2006) mandamus warranted where the district court's refusal to address filings "distorted the litigation process."

- *In re DePuy Orthopaedics, Inc.*, 870 F.3d 345, 350–51 (5th Cir. 2017) mandamus appropriate where the district court "ignored controlling corrections" and proceeded on an erroneous legal foundation.

Here, the district court ignored six separate filings that corrected:

- the identity of the defendants,
- the service history,
- the applicability of TTCA immunity,
- the correct Monell standard,
- the misuse of qualified immunity precedent, and
- the fabricated narrative that only Deputy Shields was in the case.

By refusing to rule on these filings, the district court allowed the case to proceed on false factual premises and incorrect legal standards.

## B. Mandamus Is Required When a Court Relies on Plainly Incorrect Premises

A district court's reliance on a "clearly erroneous assessment of the evidence" is grounds for mandamus. *In re United States*, 397 F.3d 274, 282 (5th Cir. 2005).

The district court's October 1, 2025 order, asserting that only Deputy Shields was served and that Montgomery County "is not a defendant", is contradicted by:

- executed service returns,
- Rule 4(d) waivers,
- the County Attorney's Certificate of Interested Parties (Dkt. 16),
- ECF 24 and ECF 24-2, and
- the absence of any responsive pleading by Montgomery County or Constables Precinct 3.

Petitioner's filings (Dkts. 67-1, 67-2, 75, 78, 82, 84) documented these contradictions in detail. The district court ignored them and dismissed the case on the very errors those filings corrected.

This is the type of procedural distortion that the Fifth Circuit has held cannot be cured on appeal and requires mandamus. See *In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 290–91 (5th Cir. 2015) (mandamus appropriate where the district court "failed to apply the correct legal standard").

## C. Ignoring Record-Correcting Filings Is Judicial Abdication

A district court's refusal to acknowledge filings that correct the record constitutes judicial abdication—a failure to perform the court's basic duty to adjudicate based on an accurate record.

The Fifth Circuit has held that mandamus is warranted where a district court:

- "refuses to enforce mandatory rules,"

- "ignores dispositive filings," or
- "relies on a fabricated procedural narrative."

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc).

That isprecisely what occurred here.

The district court:

- ignored filings correcting service and party status,
- ignored filings correcting misstatements of TTCA and Monell law,
- ignored filings correcting misuse of qualified immunity precedent, and
- dismissed the case based on the very errors Petitioner corrected.

This is not a harmless error. It is a structural breakdown in the judicial process.

## D. Mandamus Is Necessary to Restore Procedural Integrity

Because the district court refused to rule on filings that corrected the record, the case is now frozen on a false procedural foundation. This cannot be remedied on appeal because:

- the record is inaccurate,
- the procedural posture is distorted, and
- the dismissal rests on false premises.

Mandamus is the only mechanism capable of restoring procedural integrity and ensuring the case proceeds under the Federal Rules rather than misrepresentation.

## IV. DEFENDANTS MISCHARACTERIZED THE PLEADINGS AND THE COURT ADOPTED IT

The district court's dismissal rests on a fabricated version of Petitioner's pleadings, a narrative created by defense counsel and adopted wholesale by the court. Defense counsel repeatedly recast Petitioner's claims as "false arrest" and "malicious prosecution," neither of which appears in any version of the complaint. Counsel also collapsed all defendants into a single undifferentiated "Defendant," ignoring the distinct claims asserted against Montgomery County, Constables Precinct 3, and Deputy W. Shields in both capacities.

This mischaracterization erased Petitioner's Monell claims, her injunctive relief claims, her First Amendment retaliation claim, and her fraud/misrepresentation claims, none of which were ever challenged in any Rule 12 motion. Under Fifth Circuit law, issues not raised in a Rule 12 motion are waived. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). Yet the district court dismissed these unchallenged claims with prejudice, adopting defense counsel's collapsed narrative as though it reflected the actual pleadings.

The court simultaneously treated non-responding defendants, Montgomery County and Constables Precinct 3as, though they had "defended" the case, despite never filing an answer, never filing a Rule 12 motion, and never filing any responsive

pleading to any amended complaint. This is a structural error that distorts the entire procedural posture.

A. The October 1, 2025 Order Rests on Clear Factual Error Confirmed by ECF 24 and ECF 24-2

The district court's October 1, 2025 order states:

- "The only party who has been served is Deputy Shields," and

- "The Montgomery County Constable's Office has defended against this case."

Both statements are demonstrably false.

1. ECF 24 and ECF 24-2 prove only Deputy Shields moved to dismiss

ECF 24 (Defendants' Motion to Dismiss the First Amended Complaint) and ECF 24-2 (the Proposed Order) show:

- The motion was filed only on behalf of Deputy W. Shields,

- In both his individual and official capacities,

- And did not include Montgomery County or Constables Precinct 3 in the caption, the signature block, or the relief requested.

Thus, the Constable's Office did not "defend" the case.

Montgomery County did not "defend" the case.

Only Deputy Shields filed a Rule 12 motion.

2. Rule 15(a)(3) required each defendant to respond to each amended complaint

Under Rule 15(a)(3):

> "Any required response to an amended pleading must be made within
> the time remaining to respond to the original pleading or within 14 days
> after service of the amended pleading, whichever is later."

This rule applies individually to each defendant.

Thus:

- Montgomery County was required to respond.

- Constables Precinct 3 was required to respond.

- Deputy Shields (official capacity) was required to respond separately from
  his individual capacity.

None of them did.

3. Non-response triggers Rule 55(a) default posture

When a defendant fails to respond to an amended complaint:

- The defendant is in default posture, and

- Rule 55(a) requires the clerk to enter default when the failure to plead is shown.

The Fifth Circuit has held that Rule 55(a)'s language—"must enter default"—is mandatory, not discretionary. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

4. The district court's contrary finding is clearly erroneous

The district court's assertion that only Deputy Shields was served, and that the Constable's Office "defended," is contradicted by:

- Executed service returns

- Rule 4(d) waivers

- The County Attorney's Certificate of Interested Parties (Dkt. 16)

- ECF 24 and ECF 24-2

- The absence of any responsive pleading by the County or Constables Precinct 3

- Rule 15(a)(3)'s mandatory response requirement

A district court's ruling based on a "clearly erroneous assessment of the evidence" warrants mandamus. *In re United States*, 397 F.3d 274, 282 (5th Cir. 2005).

5. The court's adoption of a collapsed defendant narrative is structural error

By treating all defendants as a single "Defendant," the district court:

- Erased the distinct Monell claims against Montgomery County and Constables Precinct 3
- Ignored the absence of any Rule 12 motion from those entities
- Dismissed claims that were never challenged
- Treated non-responding defendants as though they had defended
- Denied Petitioner the mandatory Rule 55(a) default to which she was entitled

This is not a mere pleading oversight. It is a procedural collapse that:

- distorts the record,
- misstates party status,
- eliminates claims without adversarial briefing, and
- prevents meaningful appellate review.

Mandamus is required to correct these structural defects and restore the case to its proper procedural posture.

## V. DISMISSAL WITH PREJUDICE VIOLATED RULE 15(a)(2)

Petitioner amended multiple times to address arguments raised in motions to dismiss, yet the district court dismissed with prejudice without applying the liberal standard of Rule 15(a)(2) and without findings of undue delay, bad faith, repeated failure, or futility.

pasted

This compounds the Rule 55(a) error: the court both (a) refused to enforce default against non-responding defendants and (b) foreclosed amendment as to claims that were not properly tested through adversarial briefing.

## VI. DEFENSE COUNSEL'S CONTRADICTIONS CONSTITUTE FRAUD ON THE COURT

Fraud on the court arises when an officer of the court engages in conduct that "defiles the court itself" and prevents the judicial machinery from functioning impartially. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944). It is reserved for the most serious forms of litigation misconduct—those that strike at the integrity of the judicial process, distort jurisdictional determinations, or manipulate procedural outcomes. See *Rozierv.FordMotorCo.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (fraud on the court includes conduct that "prevents the opposing party from fully and fairly presenting his case").

This case presents exactly that scenario.

A. Counsel's Initial Representations to the Court

Defense counsel:

1. Appeared for all defendants,

2. Identified Montgomery County and Constables Precinct 3 as defendants in the Certificate of Interested Parties (Dkt. 16),

3. Accepted and waived service for all defendants under Rule 4(d), and

4. Instructed Petitioner not to expend resources on alternate service because counsel had accepted service for all defendants.

These actions constitute a general appearance, which waives any service objections and brings all represented parties before the court. *Broadcast Music, Inc. v. M.T.S. Enters.*, 811 F.2d 278, 281 (5th Cir. 1987).

B. Counsel's Later Contradictory Representations

After Petitioner moved for Rule 55(a) default, counsel abruptly reversed course and asserted:

- Montgomery County "is not a defendant," and

- Montgomery County Constables Precinct 3 was "never served."

These statements directly contradict counsel's earlier representations and filings. The district court adopted these false assertions verbatim, denying default and dismissing the case on a fabricated procedural foundation.

C. Contradictory Statements Designed to Manipulate Jurisdiction Constitute Fraud on the Court

Federal courts have repeatedly held that contradictory representations made to manipulate jurisdictional or procedural outcomes constitute fraud on the court:

- *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) — fraud on the court includes "a scheme to interfere with the judicial system's ability to impartially adjudicate a matter."

- *Kupferman v. Consol. Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972) — fraud on the court exists where counsel "knew or should have known" that representations to the court were false.

- *Herring v. United States*, 424 F.3d 384, 386–87 (3d Cir. 2005) — fraud on the court includes "egregious misconduct… such as misrepresentations to the court."

- *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) — fraud on the court occurs when officers of the court engage in conduct that "directly affects the court's ability to adjudicate impartially."

- *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982) — fraud on the court includes "deliberate schemes to directly subvert the judicial process."

The Fifth Circuit has likewise recognized that fraud on the court includes:

- misrepresentations that distort the procedural posture,

- contradictory statements designed to mislead the court, and

- conduct that prevents the court from performing its gatekeeping function.

See:

- *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) — mandamus appropriate where conduct "threatens the integrity of the judicial process."

- *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569–70 (5th Cir. 2006) — mandamus warranted where misrepresentations "distort the litigation process."

- *In re United States*, 397 F.3d 274, 282 (5th Cir. 2005) — mandamus issued where the district court relied on a "clearly erroneous assessment of the evidence."

D. Counsel's Conduct Here Meets Every Element of Fraud on the Court

Defense counsel's conduct was not mere advocacy. It was:

- intentional,

- contradictory,

- directed at the court,

- designed to defeat Rule 55(a), and

- successful in misleading the district court.

By first accepting service and identifying all defendants, then later denying their existence to avoid default, counsel engaged in a deliberate scheme to manipulate the court's jurisdictional and procedural determinations.

This conduct:

- corrupted the Rule 55(a) analysis,

- distorted the procedural posture,

- misled the district court, and

- prevented Petitioner from obtaining the mandatory default to which she was entitled.

Under *Hazel-Atlas*, *Rozier*, and the Fifth Circuit's supervisory mandamus jurisprudence, this is fraud on the court.

E. Mandamus Is Required to Restore the Integrity of the Proceedings

Because the district court adopted counsel's false narrative and built its orders on that foundation, the judicial process has been compromised. Only mandamus can:

- correct the record,

- restore the proper party status,

- enforce Rule 55(a), and

- prevent the case from being permanently frozen on a false procedural premise.

Mandamus is therefore necessary to protect the integrity of the judicial process.

# VII. JUDICIAL ABDICATION REQUIRES MANDAMUS INTERVENTION

Mandamus is warranted where a district court's conduct reflects not mere error, but a failure to perform its judicial function. The Supreme Court has long held that mandamus lies to correct a "judicial usurpation of power" or a "clear abuse of discretion." *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004); *Allied Chem. Corp. v. Daiflon*, 449 U.S. 33, 35 (1980). The Fifth Circuit has repeatedly emphasized that mandamus is appropriate when a district court refuses to apply mandatory rules, ignores properly filed motions, or relies on demonstrably false factual premises. See *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc); *In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 290–91 (5th Cir. 2015); *In re DePuy Orthopaedics, Inc.*, 870 F.3d 345, 350–51 (5th Cir. 2017).

The district court's conduct here reflects a systemic abdication of judicial responsibility. The court:

1. Refused to enforce Rule 55(a) despite mandatory language requiring entry of default when a defendant fails to plead or otherwise defend. See *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("must enter default" is mandatory).

2. Relied on a false factual premise—that "only Deputy Shields has been served" and that Montgomery County "is not a defendant"—despite

executed service, Rule 4(d) waivers, and the County Attorney's own Certificate of Interested Parties identifying all defendants. Mandamus is appropriate where a district court's ruling rests on a "clearly erroneous assessment of the evidence." *In re United States*, 397 F.3d 274, 282 (5th Cir. 2005).

3. Ignored multiple filings—including objections, judicial notices, and motions (Dkts. 67-1, 67-2, 75, 78, 82, 84, 92, 95, 98, 105, 106)—that corrected misstatements of law and fact. Mandamus is proper where a district court "fails to rule on properly presented issues," creating a procedural posture that cannot be remedied on appeal. *In re Int'l Marine, LLC*, 33 F.4th 369, 373–74 (5th Cir. 2022).

4. Dismissed claims defendants never contested, violating Rule 12(h)(1) and Fifth Circuit waiver doctrine. A court may not sua sponte dismiss claims on grounds defendants never raised. See *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001).

5. Denied leave to amend without applying Rule 15(a)(2)'s liberal standard, contrary to *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Mandamus is appropriate where a district court "refuses to apply the correct legal standard." *Lloyd's Register*, 780 F.3d at 290.

6. Adopted defense counsel's misstatements verbatim, including contradictory assertions about service and party status. When a court's acceptance of misrepresentation "threatens the integrity of the judicial process," mandamus is warranted. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

7. Allowed the litigation to proceed on a fabricated procedural record, freezing the case in a posture that misrepresents the parties, the service history, and the claims. Mandamus is appropriate where a district court's actions "distort the litigation process" and prevent meaningful appellate review. *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569–70 (5th Cir. 2006).

This cumulative pattern is not an ordinary error. It is judicial abdication, a refusal to enforce mandatory rules, to correct factual inaccuracies, or to apply controlling precedent. The Fifth Circuit has repeatedly held that mandamus is required when a district court's conduct "produces a patently erroneous result" that cannot be corrected on appeal. *Volkswagen*, 545 F.3d at 310.

Here, the district court's refusal to enforce Rule 55(a), its reliance on false factual premises, its dismissal of unchallenged claims, and its disregard of properly filed objections have frozen the case on an inaccurate procedural record. This distortion cannot be cured on appeal. Only mandamus can restore procedural integrity and

ensure that the case proceeds under the Federal Rules rather than

misrepresentation. Mandamus is therefore not only appropriate it is necessary.

## VIII. IGNORED FILINGS AND INDIVIDUAL MANDAMUS GROUNDS

The district court's mandamus-correctable error is not limited to a single mistaken order; it includes a continuing refusal to acknowledge and adjudicate properly filed, record-correcting motions and objections that materially affect service, party status, default posture, and the controlling legal standards governing dismissal. Petitioner timely filed multiple submissions specifically correcting defense counsel's misstatements of law and fact and demonstrating the court's October 1, 2025 factual premise is wrong. The court did not meaningfully address these filings and proceeded to dismiss with prejudice on the same defective premises.

This pattern satisfies *Cheney*: Petitioner has no adequate remedy because the district court's failure to rule and failure to correct the record freezes a false procedural posture; Petitioner's right to rulings applying mandatory rules is clear; and mandamus is appropriate to prevent the judicial process from being controlled by misrepresentation rather than the docket and governing law. See *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004).

### A. Dkt. 67-1 — Record Correction Concerning TTCA / Franka Misuse

In Dkt. 67-1, Petitioner identified and corrected defense counsel's misuse of **Franka** and related Texas Tort Claims Act concepts being imported into federal § 1983 analysis and/or used to misframe liability and immunity issues. Petitioner

explained why the authority cited did not support the defense narrative and why the court's reliance on that narrative would be legally erroneous.

**Mandamus Ground:** The district court's failure to address Dkt. 67-1 allowed dismissal reasoning to proceed on a misapplied legal framework and prevented Petitioner from obtaining adjudication under the correct standards. When a court declines to rule on a properly presented record correction that directly bears on the grounds of dismissal, and then dismisses anyway, mandamus is warranted to compel the court to exercise its judicial function and apply the correct legal rule.

### B. Dkt. 67-2 — Record Correction Concerning Colson / Thompson Misuse

In Dkt. 67-2, Petitioner documented defense counsel's misuse of **Colson** and **Thompson v. Clark** and explained why those cases did not authorize the defense's recasting of Petitioner's claims or the elimination of pleaded causes of action. Petitioner explained the controlling elements and why counsel's "fit" was incorrect.

**Mandamus Ground:** The district court ignored Dkt. 67-2 and then dismissed claims with prejudice as if the mischaracterized legal theory were accurate. This deprived Petitioner of adversarial adjudication on the actual claims pleaded and permitted the defense to win dismissal by substituting a different case theory. Mandamus is appropriate because the court's failure to correct this record

distortion produced a dismissal order resting on legal premises Petitioner refuted with controlling authority.

### C. Dkt. 75 — Objection to Mischaracterization of Pleadings and Fabricated Claims

In Dkt. 75, Petitioner objected that defense counsel repeatedly **mischaracterized the pleadings**, including reframing claims as "false arrest"/"malicious prosecution" and collapsing distinct defendants and theories into a single "Defendant." Petitioner specifically notified the court that the defense was litigating against a **fabricated version** of the complaint rather than the operative pleading.

**Mandamus Ground:** A dismissal order entered on a theory that does not match the operative complaint is a structural due-process error. By ignoring Dkt. 75 and accepting defense counsel's recharacterization, the district court effectively dismissed claims Petitioner did not plead while failing to adjudicate those she did plead. That error is not cured by ordinary appeal where the record itself has been frozen on a misdescription of the pleadings; mandamus is required to compel correction.

### D. Dkt. 78 — Correction of the Monell Standard and Municipal Liability Framework

In Dkt. 78, Petitioner corrected defense counsel's misstatement of **Monell** and municipal liability pleading requirements and explained that Supreme Court precedent forbids heightened pleading standards for municipal liability claims. See *Leatherman v. Tarrant Cnty.*, 507 U.S. 163 (1993); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Petitioner clarified that municipal defendants and official-capacity claims must be analyzed under the proper customs/practices framework rather than being collapsed into individual qualified immunity analysis.

**Mandamus Ground:** The district court's failure to address Dkt. 78 (and to apply *Leatherman/Monell*) is mandamus-correctable where the court dismisses municipal liability claims under the wrong legal standard, especially while simultaneously denying default and misidentifying municipal defendants' party status. Mandamus is appropriate to correct the legal framework before dismissal forecloses claims with prejudice.

### E. Dkt. 82 — Motion to Strike / Objection to Misuse of Qualified Immunity Authority

In Dkt. 82, Petitioner identified defense counsel's misuse of qualified immunity precedent, including reliance on overruled, misquoted, or inapplicable authorities, and explained how that misuse distorted the "clearly established law" analysis.

Petitioner also directed the court to Supreme Court guidance rejecting overly rigid "case on all fours" approaches. See *Hope v. Pelzer*, 536 U.S. 730 (2002).

**Mandamus Ground:** Where a court dismisses constitutional claims by adopting a qualified immunity framework built on misapplied or misrepresented precedent—after a litigant has filed a targeted correction—and the court refuses to rule on that correction, mandamus lies to prevent the judiciary from becoming an instrument of legal misrepresentation. The refusal to address Dkt. 82 allowed dismissal under an incorrect qualified-immunity standard and is a clear abuse of discretion.

### F. Dkt. 84 — Party Status, Service, and Default Posture (Rule 15(a)(3) and Rule 55(a))

In Dkt. 84, Petitioner presented the service/party/default record and explained that **Montgomery County** and **Constable Precinct 3** were defendants, had been served or had waived service, and yet never filed a required response to the amended pleading—triggering the mandatory duty to enter default under Rule 55(a). Petitioner tied this to the caption evidence showing that ECF 24 / ECF 24-2 were filed only for Deputy Shields, refuting the court's October 1, 2025 statement that the "Constable's Office has defended." Petitioner also explained that under Rule 15(a)(3), each defendant must respond to an amended complaint.

**Mandamus Ground:** The district court's refusal to address Dkt. 84 is the clearest individual mandamus basis because it concerns mandatory procedural rules and jurisdictional facts:

- Rule 55(a) uses mandatory language ("must enter default") once non-response is shown;

- Rule 15(a)(3) requires responses to amended pleadings; and

- the court's October 1, 2025 factual premise is contradicted by the docket and defendants' own filings.

By denying default on a demonstrably false premise and failing to correct the record despite Dkt. 84, the district court committed a clear and indisputable error warranting mandamus.

## G. Cumulative Effect: Refusal to Rule and Record Distortion

Viewed together, the ignored filings show a consistent pattern: Petitioner repeatedly provided record-based corrections to service, party status, default posture, and controlling standards, yet the district court declined to adjudicate those corrections and proceeded to dismiss with prejudice as if they did not exist. The result is a case record that inaccurately states who is a party, who was served, who defended, and what claims were actually pleaded.

That is precisely the kind of extraordinary circumstance mandamus is designed to remedy: a refusal to enforce mandatory rules and correct the record that deprives a litigant of meaningful process and makes ordinary appellate review inadequate.

*Cheney*, 542 U.S. at 380–81

## DEFAULT ANALYSIS TABLE

| Defendant | Served / Waived | Required response to FAC / amended pleading? | Response filed? | Status | Rule 55(a) eligibility |
|---|---|---|---|---|---|
| Deputy W. Shields (Individual) | Yes | Yes | Yes (motion to dismiss) | Defended | Not in default |
| Deputy W. Shields (Official) | Yes | Yes | Yes (per motion caption) | Defended | Not in default |
| Montgomery County Constables Precinct 3 | Yes | Yes | No | Not defended | Default eligible |
| Montgomery County, Texas | Yes | Yes | No | Not defended | Default eligible |

# CONCLUSION

Petitioner has satisfied all three prerequisites for mandamus under controlling Supreme Court and Fifth Circuit authority. **First**, Petitioner has no other adequate means of obtaining relief, as required by *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004), because the district court's refusal to enforce the nondiscretionary command of Rule 55(a) and to correct the docket is not otherwise reviewable and continues to distort the procedural posture of the case. The Fifth Circuit has repeatedly held that mandamus is appropriate where a party is "powerless to prevent the injustice through ordinary appellate review." *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 350 (5th Cir. 2017).

**Second**, Petitioner's right to relief is "clear and indisputable," *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980), because Rule 55(a) imposes a mandatory duty to enter default when its factual predicates are met, and because a federal court must maintain an accurate record of party status and service. The Fifth Circuit has emphasized that mandamus lies where a district court "fails to perform a ministerial duty" or "acts beyond its lawful authority." *In re Radmax, Ltd.*, 720 F.3d 285, 287 (5th Cir. 2013).

**Third**, issuance of the writ is appropriate under the circumstances, *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 403 (1976), because the ongoing inaccuracies in the

docket threaten to prejudice Petitioner and to impair meaningful appellate review. The Fifth Circuit has repeatedly recognized that mandamus is warranted where intervention is necessary to "preserve the integrity of the judicial process" and prevent distortions that cannot be remedied on appeal. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 318 (5th Cir. 2008) (en banc).

Because all three elements are met, and because the district court's refusal to enforce Rule 55(a) and maintain an accurate record constitutes a clear usurpation of judicial authority, the extraordinary remedy is not merely justified but essential. The writ should issue to restore procedural regularity and ensure that the record reflects the facts as they exist, not as they have been erroneously recorded.

# PRAYER FOR RELIEF

**WHEREFORE**, Petitioner respectfully requests that this Court grant the extraordinary relief authorized by the All Writs Act, 28 U.S.C. § 1651(a), and as defined by *Cheney v. U.S. Dist. Court*, 542 U.S. 367 (2004); *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33 (1980); *Kerr v. U.S. Dist. Court*, 426 U.S. 394 (1976); and controlling Fifth Circuit precedent including *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc); *In re Radmax, Ltd.*, 720 F.3d 285 (5th Cir. 2013); and *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345 (5th Cir. 2017), and:

1. **Issue a writ of mandamus** directing the district court to **vacate any order(s)** denying Rule 55(a) default on the erroneous premise that Montgomery County and/or Constables Precinct 3 were not defendants or not served, consistent with the nondiscretionary nature of Rule 55(a) and the ministerial-duty doctrine recognized in *Radmax* and *Allied Chemical*;

2. **Order the district court to direct the Clerk** to **enter default under Rule 55(a)** against any defendant who failed to plead or otherwise defend after service or waiver, as required by the mandatory text of Rule 55(a) and the principle that mandamus lies to compel performance of a clear, ministerial duty, *Depuy Orthopaedics*, 870 F.3d at 350;

3. **Order the district court to adjudicate Petitioner's pending objections, judicial notices, and motions** (including Dkts. 67-1, 67-2, 75, 78, 82, and

84) that corrected the record and governing legal standards **before** ruling on any dispositive motion, consistent with the requirement that mandamus may issue to prevent distortions of the record that would evade meaningful appellate review, *Volkswagen*, 545 F.3d at 318;

4. **Vacate the dismissal with prejudice** entered without applying Rule 15(a)(2)'s liberal amendment standard and without considering the corrected record, in accordance with the Supreme Court's directive that leave to amend should be "freely given," *Foman v. Davis*, 371 U.S. 178, 182 (1962), and with the Fifth Circuit's repeated recognition that failure to apply Rule 15(a)(2) constitutes reversible error;

5. **Grant such other and further relief as is just and proper** to restore procedural regularity, ensure an accurate record, and prevent irreparable prejudice that cannot be remedied on appeal, consistent with the equitable principles governing mandamus under *Cheney* and *Kerr*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that this

petition complies with the applicable type-volume limitations. This document was

prepared in 14-point, proportionally spaced typeface and contains 8753 words,

excluding the parts exempted by Rule 32(f). The word count was generated by the

word-processing system used to prepare this filing.


/s/ Deborah Swan


DEBORAH SWAN, Pro Se
1318 Chesterpoint Dr.
Spring, Texas 77386
justice-guard@outlook.com

## CERTIFICATE OF SERVICE

I certify that on this 16th day of December, 2025, a true and correct copy of the foregoing Petition for Writ of Mandamus was served via the Court's CM/ECF system on all registered counsel of record. For any party not registered with CM/ECF, service was made by depositing a copy in the United States Mail, first-class postage prepaid, addressed to their last known address.

/s/. Deborah Swan

# APPENDIX

## TABLE OF CONTENTS

**A. Orders Directly Challenged (Required by FRAP 21(a)(2)(C))**

1. **Order Denying Motion to Stay and Declining to Reconsider Default Judgment**

   Dkt. 110 —Nov.12,2025

2. **Order Denying Motion for Entry of Default** Dkt.

   90 — Oct. 1, 2025

3. **Order Denying Emergency Motion and Motion for Protective Order**

   Dkt. 89 — Oct. 1, 2025

4. **Order Granting Motionto Strike Second Amended Complaint**

   Dkt. 28 — Aug. 13, 2025

**B. Essential Record Entries Showing Clear Error and Prejudice**

5. **Return of Service on Deputy Water Shields (served July 1, 2025)**

   Dkt. 6 — July 2, 2025

6. **USM-285 / Summons Issued as to Deputy W. Shields**

   Dkt. 2 — June 16, 2025

7. **Renewed Motion for Entry of Default and Default Judgment**

   Dkt. 96 — Oct. 7, 2025

8. **Motion for Entry of Default Judgment (Montgomery County Constable's Office)**

   Dkt. 87 — Sept. 26,2025

9. **Objections to Order Denying Entry of Default**

   Dkts. 93, 95 — Oct. 3, 2025

   **SupplementalArgumentSupporting Renewed Default Motion**

10. Dkt. 98 — Oct. 17, 2025

## C. Record-Correction Filings the District Court Ignored

11. **NoticeofPreservationofError for Appeal and Mandamus**

    Dkt. 120 — Nov. 25, 2025

12. **NoticeofIgnoredFilingand Misrepresentations Demonstrating Judicial Abdication**

    Dkt. 116 —Nov.21,2025

13. **Record Correction to Objection of False or Misapplied Authorities** Dkt. 106 — Nov. 3, 2025

    **NoticeofRecordClarification re: Affidavits**

14. Dkt. 102 — Oct. 22, 2025

## D. Key Pleadings Showing the Court's Failure to Apply Rule 15(a)(2)

15. **Third Amended Complaint**

   Dkt. 61 — Sept. 3, 2025

16. **MotionforLeavetoFileThird Amended Complaint**

   Dkt. 62 — Sept. 5, 2025

   **OrderGrantingLeavetoAmend (and restricting future amendments)**

17. Dkt. 69 — Sept. 12, 2025


## APPENDIX CERTIFICATION

Pursuant to Fed. R. App. P. 21(a)(2)(C), Petitioner certifies that this Appendix contains all portions of the record essential to understanding the issues presented in the Petition for Writ of Mandamus.

# Dkt. 110 — Order Denying Motion to Stay and Declining to Reconsider Default Judgment Filed: November 12, 2025

United States District Court
Southern District of Texas
**ENTERED**
November13,2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DEBORAH SWAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:25-CV-02799** |
| | § | |
| **DEPUTY WATER SHIELDS,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court is Plaintiff Deborah Swan's Motion to Say Proceedings pending resolution of her petition for a Writ of Mandamus to the Fifth Circuit. ECF No. 108. Plaintiff requests that the Court stay the instant case pending resolution of her petition to the Fifth Circuit or, in the alternative, reconsider its ruling on Plaintiff's Motion for Default Judgment Against Defendants Montgomery County and Montgomery County Constable's Office (ECF No. 90).

Plaintiff's motion is **DENIED**. The Court does not believe that a stay is necessary to conserve judicial resources and a hearing on Defendants' Motion to Dismiss is currently scheduled for November 19, 2025. This order does not impact Plaintiff's petition to the Fifth Circuit. The Court also declines to reconsider its prior ruling on Plaintiff's Motion for Default Judgment.

**IT IS SO ORDERED.**

Signed at Houston, Texas on November 12, 2025.

Keith P. Ellison
United States District Judge

1 / 1

**TAB B**

**Dkt. 90 — Order Denying Motion for Entry of Default** Filed:

October 1, 2025

United States District Court
Southern District of Texas
**ENTERED**
October 02, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **DEBORAH SWAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:25-CV-02799** |
| | § | |
| **DEPUTY W. SHIELDS,** *et al.*, | § | |
| | § | |
| **Defendant.** | § | |

## <u>ORDER</u>

Before the Court is Plaintiff Deborah Swan's Motion for Entry of Default Judgment. against Defendants Montgomery County and Montgomery County Constable's Office. ECF No. 87. However, the only party who has been served in this case is Deputy Shields. See ECF No. 6 (Return of Service). The Court cannot enter a default judgment against a party who has not been properly served. *See Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 651 (5th Cir. 1988). Even more important, the Montgomery County Constable's Office has appeared in this case and has filed a motion to dismiss (ECF. No. 76), rendering default judgment inappropriate. *See* Fed. R. Civ. Pro. 55.

Given that Defendant Montgomery County has not been served and Defendant Montgomery County Constable's Office has not been served and has defended against this case, Plaintiff's Motion for Entry of Default Judgment is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston on this the 1st day of October, 2025.

**TAB C**

**Dkt. 89 — Order Denying Emergency Motion and Motion for Protective Order**Filed: October 1, 2025

United States District Court
Southern District of Texas
**ENTERED**
October 02, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DEBORAH SWAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:25-CV-02799** |
| | § | |
| **DEPUTY W. SHIELDS,** *et al.*, | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

Before the Court is Plaintiff Deborah Swan's Emergency Motion for Protective Order. ECF No. 86. In the motion, Plaintiff alleges that Defendants' have expressed an intention to conduct depositions of certain friends, relatives, and neighbors of Plaintiff. Plaintiff requests a protective order to prevent this discovery. Defendants have responded. *See* ECF No. 88. In their response, Defendants state that at this time, no discovery is in progress and no depositions or other discovery requests have been served. Additionally, because Defendant Shields has filed a motion to dismiss based on qualified immunity (ECF No. 76), no discovery will take place before the Court rules on the motion to dismiss.

Given that discovery has not yet commenced, Plaintiff's Emergency Motion for Protective Order is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew her motion if and when Defendants serve her with discovery requests after the Court has ruled on the pending motion to dismiss.

Defendants also request that the Court vacate the requirement that the parties confer and file a Joint Discovery and Case Management Plan and proposed Docket Control Order.

**TAB D**

**Dkt. 28 — Order Granting Motion to Strike Second Amended Complaint**
Filed: August 13, 2025

United States District Court
Southern District of Texas
**ENTERED**
August 14, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Deborah Swan, | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | Civil Action No.: 4:25-cv-2799 |
| Deputy W. Shields, individually and in his official capacity, | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

<u>ORDER</u>

On this day, this Court, after considering the pleadings, evidence, and arguments of counsel and *pro se* parties, if any, finds that Defendants' Motion to Strike Plaintiff's Second Amended Complaint, ECF No. 27, should be **GRANTED**, and the Second Amended Complaint, ECF No. 25, is without effect.

The Court notes that *pro se* Plaintiff did not move for permission to file the Second Amended Complaint with the Court, nor did Plaintiff receive the opposing parties' written consent. *See* Fed. R. Civ. P. 15(a).

**IT IS SO ORDERED.**

**SIGNED** on this the 13th day of August, 2025.

August 13, 2025
_____
Date

_____
The Honorable Keith P. Ellison
United States District Judge

# TAB E

## Dkt. 6 — Return of Service (Deputy Water Shields)

Filed: July 2, 2025

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Deborah Swan | 4:25-cv-02799 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Deputy W. Shileds | Complaint, Order, Summons |

RECEIVED
UNITED STATES MARSHAL
2025 JUN 17 PM 12: 56
SOUTHERN DIST. S/TX

| | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| **SERVE AT** | Deputy W. Shileds |
| | ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)* |
| | Montgomery County Constable Precinct 3 |

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Nathan Ochsner<br>U.S Clerk of Court<br>P.O. Box 61010<br>Houston, TX 77208 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 1 |
| | Check for service on U.S.A. | 0 |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Montgomery County Constable Precinct 3 is located at 1520 Lake Front Circle, Suite 200, The Woodlands, Texas 77380

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| *[signature]* | | 713-250-5426 | 6/17/2025 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. 79 | District to Serve No. 79 | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 | | | Karyn Flores | 6/17/25 |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date | Time | |
|---|---|---|---|
| Daniel Plake, Attorney | 7/1/25 | 8:38 | ☒ am ☐ pm |
| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy | | |
| | *[signature]* | | |

*Costs shown on attached USMS Cost Sheet >>*

REMARKS

Served via email.
Service Fee: $165.00
See attached email confirmation

United States Courts
Southern District of Texas
FILED
July 02, 2025

Nathan Ochsner, Clerk of Court

Form USM-285
Rev. 03/21

**TAB F**

**Dkt. 2 — USM-285 / Summons Issued**

Filed: June 16, 2025

**TAB G**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Texas

| | |
|---|---|
| Deborah Swan <br><br><br> _____ <br> *Plaintiff(s)* <br> v. <br> Walter Shields, in his individual and official capacity <br><br> Montgomery County Constable Precinct 3 <br> _____ <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 4:25-cv-2799

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Montgomery County Precinct 3 Constable's Office
1520 Lake Front Cir, Suite 200
The Woodlands, TX 77380

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Deborah Kay Swan
1318 Chesterpoint Dr.
Spring TX 77386

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Nathan Ochsner, Clerk of Court*

Date: June 17, 2025 _____

s / Amy Pearson
_____
*Signature of Clerk or Deputy Clerk*

**Dkt. 87 — Motion for Entry of Default Judgment**
Filed: September 26, 2025

**TAB H**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

### HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

SEP 2 6 2025

Nathan Ochsner, Clerk of Court

DEBORAH SWAN,

Plaintiff,

v.

DEPUTY W. SHIELDS, Individual ly and in his Official Capacity, and
MONTGOMERY COUNTY CONSTABLES PCT 3, TEXAS,
Defendants.

Civil Action No. 4:25-cv-02799

**Introduction**    Default Judgement

Plaintiff Deborah Swan respectfully moves this Court for entry of default
judgment under Fed. R. Civ. P. 55(b) against Defendants Montgomery County and
Montgomery County Constable Precinct 3. These Defendants, despite being
consistently named in every operative pleading, judicially admitted by defense
counsel, and duly issued summons, have unequivocally failed to plead or
otherwise defend this action. Defense counsel's deliberate omission of these
Defendants from subsequent captions constitutes an improper and transparent

**Dkt. 96 — Renewed Motion for Entry of Default and Default Judgment**
Filed: October 7, 2025

**TAB I**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

OCT 07 2025

Nathan Ochsner, Clerk of Court

DEBORAH SWAN,
*Plaintiff*,

v.

DEPUTY W. SHIELDS, Individually and in his Official Capacity, and
MONTGOMERY COUNTY, TEXAS,
*Defendants.*

Civil Action No. 4:25-cv-02799

## PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST MONTGOMERY COUNTY, TEXAS

### I. INTRODUCTION

Plaintiff Deborah Swan respectfully renews her request for entry of default and default judgment against Defendant Montgomery County, Texas, pursuant to Federal Rule of Civil Procedure 55, on the basis that:

1. Montgomery County was expressly named as a Defendant in Plaintiff's pleadings and subsequent filings;

2. Counsel for Montgomery County, Attorney Daniel Plake, appeared in this case and represented both Defendants;

3. Counsel explicitly informed Plaintiff that service upon Montgomery County was unnecessary because he was appearing on its behalf;

4. Counsel later filed pleadings only for Deputy Shields, omitting the County but never denying representation; and

# Dkts. 93 & 95 — Objections to Order Denying Entry of Default

Filed: October 3, 2025

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

OCT 0 3 2025

Nathan Ochsner, Clerk of Court

DEBORAH SWAN,

Plaintiff,

v.

DEPUTY W. SHIELDS, individually and in his Official Capacity, and
MONTGOMERY COUNTY CONSTABLES PCT 3, TEXAS,
Defendants.

Civil Action No. 4:25-cv-02799

## PLAINTIFF'S OBJECTION TO ORDER DKT 90 DENYING DEFAULT JUDGMENT

AS TO MONTGOMERY COUNTY DEFENDANTS

TO THE HONORABLE COURT:

Plaintiff Deborah Swan respectfully objects to the Court's October 1, 2025 Order

denying her Motion for Entry of Default Judgment (ECF 87) against Montgomery

County and the Montgomery County Constable's Office, and shows as follows:

## I. BACKGROUND

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

OCT 0 3 2025

Nathan Ochsner, Clerk of Court

DEBORAH SWAN,

Plaintiff,

v.

DEPUTY W. SHIELDS, individually and in his Official Capacity, and
MONTGOMERY COUNTY CONSTABLES PCT 3, TEXAS,
Defendants.

Civil Action No. 4:25-cv-02799

# PLAINTIFF'S OBJECTION TO ORDER DKT 90 DENYING DEFAULT JUDGMENT

## I. INTRODUCTION

Plaintiff Deborah Swan respectfully lodges this Objection to the Court's Order

denying Plaintiff's Motion for Default Judgment (Doc. 87). The Court's ruling

appears to rest, in part, on the conclusion that Montgomery County was not

properly before the Court as a defendant. That conclusion is contradicted by the

record, including Plaintiff's *Notice of Clarification* (Doc. 79), Defendants' own

filings, and defense counsel's admissions.

# TAB J

## Dkt. 98 — Supplemental Argument Supporting Renewed Default Motion
Filed: October 17, 2025

## TAB K

## Civil Action No. 4:25-cv-02799

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DEBORAH SWAN, Plaintiff,

V.

DEPUTY W. SHIELDS, Individually and in his Official Capacity,
and MONTGOMERY COUNTY, TEXAS, Defendants.

United States Courts
Southern District of Texas
F I L E D

OCT 17 2025

Nathan Ochsner, Clerk of Court

### PLAINTIFF'S SUPPLEMENTAL ARGUMENT IN SUPPORT OF OBJECTION (DKT. 95) AND RENEWED MOTION FOR ENTRY OF DEFAULT (DKT. 96)

Plaintiff, Deborah Swan, appearing pro se, respectfully submits this supplemental

argument in further support of her Objection (Dkt. 95) and Renewed Motion for

Entry of Default and Default Judgment (Dkt. 96). This filing clarifies that the

docket record itself establishes appearance and waiver by Montgomery County

under Rules 4(d), 12(h)(1), and 55(a), and requests that the Court reconsider its

prior denial (Dkt. 90), or alternatively preserve this issue for appellate review. cts

manipulative conduct which courts should deter,  especially toward pro se litigants.

# Dkt. 120 — Notice of Preservation of Error for Appeal and Mandamus

Filed: November 25, 2025

**TAB L**

**PLAINTIFF'S PRESERVATION OF ERROR**

United States Courts
Southern District of Texas
FILED

NOV 25 2025

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DEBORAH SWAN,
 Plaintiff,


V.


DEPUTY W. SHIELDS, Individually and in his Official Capacity; and
MONTGOMERY COUNTY, TEXAS; and
MONTGOMERY COUNTY CONSTABLES PCT. 3,
Defendants.

Civil Action No. 4:25-cv-02799

**NOTICE OF PRESERVATION OF ERROR FOR
APPEAL AND MANDAMUS**

**I. INTRODUCTION AND PRESERVATION OF ERROR**

Plaintiff Deborah Swan respectfully submits this Preservation of Error to ensure

that the appellate record clearly reflects each instance in which the Court has

disregarded controlling law, misapplied the Federal Rules of Civil Procedure,

misstated critical facts in the record, or failed to adjudicate the rights and

procedural posture of all named defendants. These errors materially affected

Plaintiff's ability to obtain mandatory entry of default under Rule 55(a), secure

# Dkt. 116 — Notice of Ignored Filing and Misrepresentations Demonstrating Judicial Abdication

Filed: November 21, 2025

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

DEBORAH SWAN,

Plaintiff,

v.

DEPUTY W. SHIELDS, Individual and in his Official Capacity, and
MONTGOMERY COUNTY AND MONTGOMERY COUNTY CONSTABLES
PCT 3, TEXAS,

Defendants.

United States Courts
Southern District of Texas
**FILED**

NOV 2 1 2025

Nathan Ochsner, Clerk of Court

# IGNORED FILINGS AND MISREPRESENTATIONS DEMONSTRATING JUDICIAL ABDICATION

An extraordinary pattern of judicial disregard exists in this case. Petitioner

repeatedly filed Judicial Notices, Objections, and Procedural Clarifications

correcting material misstatements of law and fact made by Assistant County

Attorney Daniel Plake. These filings addressed misapplied precedent,

mischaracterized pleadings, and contradictions regarding party status and service.

1

# TAB M

## Dkt. 106 — Record Correction to Objection of False or Misapplied Authorities
Filed: November 3, 2025

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

NOV 03 2025

Nathan Ochsner, Clerk of Court

DEBORAH SWAN,
Plaintiff,

v.

DEPUTY W. SHIELDS, Individual ly and in his Official Capacity, and
MONTGOMERY COUNTY CONSTABLES PCT 3, TEXAS,
Defendants.

## PLAINTIFFS RECORD CORRECTION TO OBJECTION OF FALSE OR MISAPPLIED AUTHORITIES IN DEFENDANTS' MOTION TO DISMISS (DKT 76)

This filing corrects the record from a typographical error filed on October 31,

2025. This replaces that filing.

The entire record in this proceeding demonstrates that the Defendants' filings,

prepared and submitted by Assistant County Attorney Daniel Plake, reflect a

pattern of conduct that has become *business as usual* for Montgomery County's

legal representatives: the systematic manipulation of case law, statutes, and

procedural rules to mislead the Court and obstruct justice. Such deliberate

distortion of controlling authority constitutes fraud upon the Court and an abuse of

# TAB N

## Dkt. 102 — Notice of Record Clarification re: Affidavits

Filed: October 22, 2025

## TAB O

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

OCT 2 2 2025

Nathan Ochsner, Clerk of Court

DEBORAH SWAN,
Plaintiff,

v.

DEPUTY W. SHIELDS, Individual ly and in his Official Capacity, and
MONTGOMERY COUNTY CONSTABLES PCT 3, TEXAS,
Defendants.

**PLAINTIFF'S NOTICE OF RECORD CLARIFICATION REGARDING
NOTARIZED AFFIDAVITS DKT 60 Attached Exhibit and DKT 97**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff **Deborah Swan**, appearing *pro se*, respectfully submits this Notice to

clarify the record concerning the notarization and validity of her sworn affidavits

on file in this matter.

**1. Background**

Defendants have represented to the Court that Plaintiff's affidavits are not properly

sworn or notarized. Those assertions are **factually incorrect** and inconsistent with

the official record.

**2. Affidavits on File and Notarization**

**Dkt. 61 — Third Amended Complaint**
Filed: September 3, 2025

**TAB P**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

SEP 0 3 2025

Nathan Ochsner, Clerk of Court

DEBORAH SWAN,
Plaintiff,

v.

DEPUTY WALTER "W." SHIELDS, Individually and in his Official Capacity;
MONTGOMERY COUNTY CONSTABLE PRECINCT 3; and
MONTGOMERY COUNTY, TEXAS,
Defendants.

Civil Action No. 4:25-cv-02799
(related caption as already assigned)

## PLAINTIFF'S THIRD AMENDED COMPLAINT AND BENCH TRIAL

Plaintiff respectfully requests leave of Court to file the attached Third Amended

Complaint. Good cause exists for this amendment because additional causes of

action have surfaced from Defendants' own records entered into this case. These

newly revealed facts materially impact Plaintiff's claims and are integral to a

complete adjudication of the issues before the Court.

Plaintiff Deborah Swan ("Plaintiff" or "Swan"), proceeding pro se, files this Third

Amended Complaint pursuant to 42 U.S.C. § 1983 and the First, Fourth, and

**Dkt. 62 — Motion for Leave to File Third Amended Complaint**
Filed: September 5, 2025

**TAB Q**

IN THE lJl'.UTED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

IIOUSTOJ,J DIVISION

DEBORAH SW.L\N,

 Plaintiff,

V.



 MONTGOMERY COUNTY CONSTABLES PCT 3, TEXAS,
 Defendants.

United States Courts
Southern District of Texas
FI LED

**SEP O5 2025**

Nathan Ochsner, Clerk of Court

PLAINTIFF'S lVIOTION FOR LEAVE TO FILE THIRD Al\l[Er,.,TJ>ED
. COMPLAINT

TO THE HONORi\BLE JUDGE OF SAID COURT:

Plaintiff Deborah Swan, appearing pro se, respectfully moves this Court for leave

to file her Third Amended Complaint DKT 61 pursuant to Federal Rule of Civil

Proct~dure 15(a)(2), ttnd in s11pport tl1ereof' stat(:S as t0llc~v1.rs:

II. GOOD CAUSE FOR P.,.:MEl\1D~!!ENT

# Dkt. 69 — Order Granting Leave to Amend and Restricting Future Amendments

Filed: September 12, 2025

United States District Court
Southern District of Texas
**ENTERED**
September15,2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DEBORAH SWAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:25-CV-02799** |
| | § | |
| **DEPUTY W. SHIELDS,** *et al.*, | § | |
| | § | |
| **Defendant.** | § | |

## <u>ORDER</u>

Before the Court are Plaintiff Deborah Swan's Motion for Leave to File Third Amended Complaint (ECF No. 62) and Motion for Leave to File Second Amended Complaint and Motion for Reconsideration (ECF No. 45). Having considered the motions, the Court concludes that Plaintiff's Motion for Leave to file Third Amended Complaint should be **GRANTED**. Plaintiff's Motion for Leave to File Second Amended Complaint and Motion for Reconsideration are therefore **DENIED AS MOOT**. No future motions for leave to amend Plaintiff's complaint shall be granted before such time as the Court rules on any pending or future Motion to Dismiss.

**IT IS SO ORDERED.** The Clerk is directed to file Plaintiff's Third Amended Complaint.

**SIGNED** at Houston on this the 12th day of September, 2025.

_____

HON. KEITH P. ELLISON